**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION**

SARAH MCCOY and JORDON MCCOY, )
                                )
        Plaintiffs,             )
                                )
v.                              )      CASE NO. CV415-229
                                )
STANLEY KWIATKOWSKI; B.A.       )
MILLER, LLC; WIKEL BULK         )
EXPRESS, INC.; and STATE        )
AUTOMOBILE MUTUAL INSURANCE     )
CO.;                            )
                                )
        Defendants.             )
_____)

## O R D E R

Plaintiffs Sarah McCoy and Jordon McCoy filed a complaint in the State Court of Chatham County that seeks damages based on Defendant's alleged negligence. (Doc. 1.) Defendants subsequently removed the case to this Court. (Id.) However, the jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity between the parties.

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as

upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." <u>Id.</u> at 1022.

In this case, the notice of removal does not include a list of the individual members, along with their citizenship, of Defendant B. A. Miller, LLC. Rather, the notice of removal simply states that "[e]ach of the Defendants in this action . . . are non-residents [sic] of Georgia" (Doc. 1 ¶ 1), while Plaintiffs are residents of Georgia (<u>id.</u> ¶ 4).[2] Defendants rely on these allegations to

_____

binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Plaintiffs' complaint states that "Defendant B.A. Miller, LLC is a limited liability company organized and existing under the laws of the State of Ohio." (Doc. 1, Comp. ¶ 3.)

2

advance the general conclusion that "[t]his Court has original jurisdiction of the controversy between Plaintiffs and Defendants on the basis of diversity of citizenship." (Id. ¶ 6.)

However, the general allegation that none of Defendants are Georgia citizens is insufficient for Defendants to carry their burden of establishing complete diversity between the parties. See Ray, 519 F.2d at 1082. Accordingly, Defendants are **DIRECTED** to file an amended notice of removal within **fourteen days** from the date of this order. As noted above, the amended notice must properly allege diversity in this case by including the names and citizenships of each member of Defendant B.A. Miller, LLC, thus allowing the Court to confirm that it possesses jurisdiction to entertain this case.

SO ORDERED this 24th day of August 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3